IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:13MJ118-1 |
| | ) | |
| | ) | |
| JOSE CABRERA PEDROZA | ) | |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court pursuant to an oral Motion for Detention by the United States (see Docket Entry dated June 7, 2013) and Defendant's Waiver of Preliminary Hearing and Detention Hearing (Docket Entry 7). For the reasons that follow, the Court will accept Defendant's instant Waiver, will find probable cause to support the charge against Defendant, and will order Defendant detained.

BACKGROUND

The Court (per the undersigned United States Magistrate Judge) issued a Criminal Complaint charging Defendant with unlawful presence in the United States after a prior removal subsequent to conviction for a felony, 8 U.S.C. § 1326(a) and (b)(1) (see Docket Entry 1 at 1), based on an affidavit by a sworn law enforcement officer (see id. 1 at 2-4). Defendant had an initial appearance at which the Court (per the undersigned Magistrate Judge), through an interpreter, advised him of the matters required under Federal Rule of Criminal Procedure 5(d)(1), including his right to a hearing on

the issue of release or detention and to a preliminary hearing to contest the issue of probable cause, as well as of the setting of those proceedings for June 14, 2013. (See Docket Entry dated June 7, 2013.) At Defendant's request, the Court (per the undersigned Magistrate Judge) appointed counsel for Defendant. (See Docket Entry dated June 10, 2013; Docket Entry 6.) Defendant (through counsel) thereafter filed his instant Waiver. (Docket Entry 7.)

## DISCUSSION

A defendant charged via criminal complaint has the right to a preliminary hearing, see Fed. R. Crim. P. 5.1(a), and to a hearing prior to entry of an order declining to enter an order of release on conditions, see 18 U.S.C. § 3142(e)-(g). A defendant may waive a preliminary hearing. See Fed. R. Crim. P. 5.1(a)(1). The applicable rule provides no strictures as to any such waiver. See id. Similarly, a defendant may waive a detention hearing, although he or she must do so "voluntarily and knowingly." United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc).

Defendant's instant Waiver states as follows:

> I, Jose Cabrera-Pedroza, charged in a criminal complaint pending in this district with alleged violations of federal law, and having been advised by counsel of my rights to preliminary hearing as required by Rule 32.1 of the federal rules of criminal procedure, do hereby waive my right to a preliminary hearing.
>
> Additionally, having been informed by counsel of the nature of the charges now pending against me, and having been advised of the nature of a detention hearing and my right to such a hearing before a United States Magistrate Judge, after considering the probable evidence and the

-2-

<u>likely result of such a hearing, do hereby waive my right to a detention hearing and agree to be held without bond</u>.

(<u>Id.</u> at 1 (emphasis added).)[1]  It bears the electronic signature of Defendant's counsel.  (<u>See</u> <u>id.</u> at 2.)

In another context involving an important right, i.e., a criminal defendant's federal constitutional right to trial by jury, the United States Court of Appeals for the Fourth Circuit has ruled that a defendant need not personally sign a waiver and that a court need not conduct a colloquy with the defendant about the waiver.  <u>See</u> <u>United States v. Khan</u>, 461 F.3d 477, 491-92 (4th Cir. 2006).  Moreover, "attorneys, as officers of the court, are presumptively trustworthy absent specific evidence of untrustworthiness." <u>Wagner v. Henman</u>, 902 F.2d 578, 581 (7th Cir. 1990).  This presumption arises because, as "an officer of the court . . ., in addition to his [or her] duty of diligently researching his [or her] client's case, [an attorney] always has a duty of candor to the tribunal." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

Accordingly, given the specific representation by Defendant's counsel that Defendant wishes to waive his preliminary and detention hearings after receiving advice about those matters from

---

[1] The reference to Federal Rule of Criminal Procedure 32.1, rather than Federal Rule of Criminal Procedure 5.1, represents an immaterial scrivener's error; although the former provision addresses revocation proceedings and the latter provision applies to initial charges, they both provide for the same basic preliminary hearing, i.e., a proceeding to contest the existence of probable cause.  <u>Compare</u> Fed. R. Crim. P. 5.1(e), <u>with</u> Fed. R. Crim. P. 32.1(b)(1).

-3-

said counsel, as well as the acknowledgment in the instant Waiver of the legal consequences of such action (most notably that Defendant would remain in custody on the charges lodged in the Criminal Complaint), the Court concludes that Defendant has knowingly and voluntarily waived his rights to a preliminary hearing and to a detention hearing.  See id. (ruling that a "specific [representation,] in a pleading signed by a lawyer, deserves deference and a presumption of truth," particularly when the "important legal consequences [of that specific representation] . . . raise significant ethical implications for a court officer").

CONCLUSION

Defendant has knowingly and voluntarily waived his rights to preliminary and detention hearings.  Moreover, the record supports a finding of probable cause as to the charges in the Criminal Complaint and a finding by a preponderance of the evidence that no available conditions of release reasonably would assure Defendant's appearance.

**IT IS THEREFORE ORDERED** that probable cause exists to support the charge in the Criminal Complaint, the oral Motion for Detention by the United States is **GRANTED**, and Defendant shall be detained pending disposition of the charge pursuant to 18 U.S.C. § 3142(e)(1).  The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                               **United States Magistrate Judge**

June 14, 2013